# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

TONY MADRID,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 05-2176

# ORDER
Filed May 12, 2006

Before **HENRY**, **McKAY**, and **MURPHY**, Circuit Judges.

      Appellant's motion to publish the order and judgment filed in this matter on April 14, 2006, is GRANTED. On the court's own motion, footnote two on page five of the published opinion and language on page eight of the published opinion have been modified for clarification. The published opinion is filed nunc pro tunc to April 14, 2006, and a copy is attached.

                        Entered for the Court
                        ELISABETH A. SHUMAKER, Clerk


                        By:
                          Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TONY MADRID,

       Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

       Defendant-Appellee.

No. 05-2176

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CIV-04-753-LCS)**

---

Submitted on the briefs:

Michael D. Armstrong, Albuquerque, New Mexico, for Plaintiff-Appellant.

David C. Iglesias, United States Attorney, Cynthia L. Weisman, Assistant
United States Attorney, Tina M. Waddell, Regional Chief Counsel, Dianne
Mullins Pryor, Assistant Regional Counsel, Special Assistant U.S. Attorney,
Office of the General Counsel, Region VI, Social Security Administration,
Dallas, Texas, for Defendant-Appellee.

---

Before **HENRY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

Claimant Tony L. Madrid appeals from a district court order affirming the Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we reverse and remand for further proceedings.[1]

## I.   Background

Mr. Madrid filed for benefits in December 2002, alleging an inability to work since September 2002 due to bilateral carpal tunnel syndrome and pain in his neck, shoulders, elbows, wrists, back, knees, ankles, and feet. The agency denied Mr. Madrid's application for benefits initially and on reconsideration. He then requested and received a de novo hearing before an administrative law judge (ALJ). Mr. Madrid, who appeared at the hearing pro se, testified about his physical ailments and part-time employment. Shortly thereafter, the ALJ issued a written decision denying Mr. Madrid benefits at step five of the five-step sequential evaluation process. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (detailing 20 C.F.R. § 404.1520's five-step process).

At step one, the ALJ concluded that Mr. Madrid's part-time work did not constitute substantial gainful activity. At steps two and three, the ALJ concluded

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

that although Mr. Madrid did have severe impairments–mild degenerative joint disease in both knees and mild carpal tunnel syndrome affecting his left wrist–neither impairment met or equaled any impairment described in the listing of impairments. The ALJ further concluded that Mr. Madrid retained the residual functional capacity (RFC) for a range of light work with the following restrictions: no more than occasional bending, stooping, gripping, fingering, or feeling (thereby precluding sedentary jobs that require fine dexterity), and no exposure to hazards such as exposed heights or open machinery. Accordingly, the ALJ concluded at step four that Mr. Madrid could not return to his past relevant work as a school custodian, fence erector, or laborer, because those positions required exertion beyond his RFC. After considering the vocational expert's (VE's) testimony and Mr. Madrid's RFC, age (forty-three), education (schooling through eighth grade), and work experience, the ALJ concluded at step five that Mr. Madrid was not disabled because he could perform other work that exists in significant numbers in the regional and national economies; for example, parking lot attendant, amusement or recreational attendant, cardroom attendant, and ticket taker.

The Appeals Council denied Mr. Madrid's request for review of the ALJ's decision. Mr. Madrid then secured the services of an attorney and filed a

complaint in federal district court.  The district court affirmed the ALJ's denial of benefits and this appeal followed.

**II.    Standard of Review and Discussion**

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal.  *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003); 20 C.F.R. § 404.981.  In reviewing the ALJ's decision, "we neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).  Instead, we review the ALJ's decision only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record.  *See Doyal*, 331 F.3d at 760.

Mr. Madrid raises three issues on appeal.  He asserts that the ALJ did not adequately develop the record, substantial evidence does not support the ALJ's RFC determination, and substantial evidence does not support the hypothetical questions the ALJ posed to the VE.

We turn first to Mr. Madrid's allegations that the administrative record was deficient.  At the heart of this challenge is whether Mr. Madrid suffers from some sort of rheumatological disorder.  Specifically, Mr. Madrid contends that the ALJ failed to fulfill his heightened duty to develop the record because he did not request Mr. Madrid's rheumatoid factor test results, order a consultative

rheumatological exam, recontact two physicians who independently diagnosed Mr. Madrid with "Painful Upper Limbs" and opined that he could not return to work for three or four months, Aplt. App., Vol. I at 147, 181, and request medical treatment notes or records generated after May 2003.[2]

"It is beyond dispute that the burden to prove disability in a social security case is on the claimant." *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997); 20 C.F.R. § 404.1512(a) ("[Y]ou must bring to our attention everything that shows that you are . . . disabled."). Nevertheless, because a social security disability hearing is a nonadversarial proceeding, the ALJ is "responsible in every case 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" *Hawkins*, 113 F.3d at 1164 (quoting *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993)); 20 C.F.R. § 404.944 (requiring the ALJ to "look[] fully into the issues"). Generally, this means that the "ALJ has the duty to . . . obtain[] pertinent, available medical records which come to his attention during the course of the hearing." *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996). Moreover, the ALJ's "duty is heightened" when a claimant, like Mr. Madrid, appears before the

---

[2]  The Commissioner asserts that Mr. Madrid did not raise the treatment-note issue before the district court, Aplee. Br. at 16, but the Commissioner is mistaken. *See* Aplt. App., Vol. II at 44 ¶ 2. The issue was raised in the district court, and we therefore consider it.

ALJ without counsel. *Henrie*, 13 F.3d at 361; *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) (same); *see also Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir. 1987) ("The [ALJ's] duty of inquiry takes on special urgency when the claimant has little education and is unrepresented by counsel.").

Mr. Madrid contends that the ALJ could have easily requested his existing rheumatoid factor test results but "[i]nstead, the ALJ simply concluded that the claimant had no rheumatological disorder and then penalized [him] for not producing evidence to the contrary." Aplt. Opening Br. at 9. We agree with Mr. Madrid.

The record demonstrates that Mr. Madrid's treating orthopaedic physician, Dr. Hussain, referred Mr. Madrid to the rheumatology department on May 19, 2003, for an evaluation of "bilat[eral] multiple joint pain . . . hands, elbows, shoulders . . . knees . . . feet." Aplt. App., Vol. I at 173. Mr. Madrid thereafter underwent a rheumatoid factor test.[3] A bill for the test is included in the record, and it identifies the physician who requested the test, Alan M. Firestone, and lists as the test date June 23, 2003. The record also contains an August 18, 2003 "Lab

---

[3]     A rheumatoid factor test is a blood test that measures the presence and level of rheumatoid factor, an indicator of rheumatoid arthritis as well as other autoimmune and infectious diseases. *See Dorland's Illustrated Medical Dictionary* 649 (19th ed. 2000) and *Stedman's Medical Dictionary* 645 (27th ed. 2000). We therefore reject the Commissioner's contention that "the rheumatoid test would have added nothing meaningful to the record." Aplee. Br. at 18.

Request Form" for a rheumatoid factor test "ASAP," which form is signed by Mr. Madrid's primary care physician, Dr. Bath. *Id.*, Vol. I at 117.

In his written decision denying benefits the ALJ acknowledged that Mr. Madrid was referred for a rheumatology work-up and that a rheumatoid factor test was performed, but the ALJ apparently dismissed the possibility of a rheumatological disorder because "the record . . . [contained] no evidence of results of a rheumatology work-up." *Id.*, Vol. I at 15. Under the circumstances, we hold that the ALJ committed legal error by not requesting Mr. Madrid's rheumatoid factor test results from the medical source listed on the bill, from Dr. Hussain, or from Dr. Bath. *See* 20 C.F.R. § 404.1512(e) (outlining circumstances under which ALJ will recontact medical source(s)). This failure is especially troubling because Mr. Madrid was not represented by counsel at his December 2003 administrative hearing, the test results were in existence at the time of the hearing and apparently available, and the ALJ was aware the test was performed. *See Carter*, 73 F.3d at 1022; *see also Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989) (holding Secretary failed to fulfill his duty to fully and fairly develop the record by neglecting to obtain, among other things, existing "laboratory results . . . from [pro se claimant's] treating physician"); *cf. Hawkins*, 113 F.3d at 1167 ("[I]n a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development."). We therefore

remand for further development of the record concerning Mr. Madrid's claims of a rheumatological disorder. If, on remand, Mr. Madrid's rheumatoid factor test results are not readily available, or the test results, standing alone, are not dispositive in determining whether Mr. Madrid has a severe rheumatological disorder that interferes with his ability to do any substantial gainful activity, the ALJ may need to order a consultative rheumatological examination. 20 C.F.R. § 404.1512(f) ("If the information we need is not readily available from the records of your medical treatment source, or we are unable to seek clarification from your medical source, we will ask you to attend one or more consultative examinations at our expense."); *Hawkins*, 113 F.3d at 1166 ("[W]here the medical evidence in the record is inconclusive . . . a consultative examination is often required for proper resolution of a disability claim."). "[T]he ALJ should order a consultative exam when evidence in the record establishes a *reasonable possibility* of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." *Hawkins*, 113 F.3d at 1169 (emphasis added). In the same vein, where additional tests are required to explain a diagnosis already in the record, in this case, "Painful Upper Limbs," Aplt. App., Vol. I at 147, 181, "resort to a consultative examination may be necessary." *Hawkins*, 113 F.3d at 1166. Although the current state of the record suggests that a consultative exam may be

necessary, we leave the decision whether to order a consultative exam up to the ALJ. *Compare Hawkins*, 113 F.3d at 1166 ("[T]he Secretary has broad latitude in ordering consultative examinations."), *with* 20 C.F.R. § 404.1519a(b) (situations requiring a consultative examination).

We are not, however, persuaded by Mr. Madrid's allegation that the ALJ committed legal error by failing to request treatment notes or records generated after May 2003. Mr. Madrid's claim is simply too general; we do not know if the records he thinks the ALJ should have obtained are pertinent or available. *Carter*, 73 F.3d at 1022.

## III. Conclusion

The ALJ's failure to develop the record affected the disability analysis as a whole and we therefore do not address the other issues Mr. Madrid raises on appeal. The decision of the district court is REVERSED and this case is REMANDED to that court with instructions to remand the case to the Commissioner for further proceedings.