**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTINE MORGAN,

       Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner of Social Security
Administration,

       Defendant-Appellee.

No. 06-5145
(D.C. No. 05-CV-318-M)
(N.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **BRISCOE**, **McKAY**, and **GORSUCH**, Circuit Judges.

Christine Morgan appeals the Commissioner's denial of Disability

Insurance Benefits (DIB) and Supplemental Security Income (SSI). The district

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for Jo Anne B. Barnhart as appellee in this appeal.

[**]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court affirmed the Commissioner's decision, and exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we now affirm the district court.

## I.

Ms. Morgan is seeking benefits for the closed period dating August 2, 2002, through February 13, 2004. She claims disability from spinal impairment, status post discectomy, hip impairments, and hypertension. After a hearing, an administrative law judge (ALJ) concluded at step five of the five-step sequential evaluation process, *see* 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining the five-step process), that she was not disabled because she retained the residual functional capacity (RFC) to perform a significant range of light work. The Appeals Council denied review, and the district court affirmed the ALJ's decision.

Ms. Morgan subsequently filed this appeal in which she argues that the ALJ: (1) failed to adequately explain why he found her unimpaired at step three of the analysis; and (2) incorrectly assessed her RFC.

## II.

Because the Appeals Council denied review, the ALJ's decision constitutes the final agency decision. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Our review of the agency's decision is limited to determining whether it is supported by substantial evidence and whether the Commissioner applied the

correct legal standards. *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

In making these determinations, "we neither reweigh the evidence nor substitute

our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*,

933 F.2d 799, 800 (10th Cir. 1991).

## A. Step Three Determination

Ms. Morgan first claims the ALJ failed to adequately explain why he found

her unimpaired at step three. Specifically, she contends the ALJ did not consider

the medical reports of Dr. Richard Hastings, one of her treating physicians who

she claims provided evidence that satisfies the requirements for Listing 1.04(A)

(spinal impairments), 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A.

Step three of the sequential evaluation process requires the ALJ to

determine "whether the claimant's impairment is equivalent to one of a number of

listed impairments that the [Commissioner] acknowledges as so severe as to

preclude substantial gainful activity." *Clifton v. Chater*, 79 F.3d 1007, 1009

(10th Cir. 1996) (quotation omitted). If the ALJ finds that the claimant does not

meet a listed impairment, he is "required to discuss the evidence and explain why

he found that [the claimant] was not disabled at step three." *Id.* The ALJ is not

required to discuss every piece of evidence, but "[t]he record must demonstrate

that the ALJ considered all of the evidence." *Id.* at 1009-1010.

In this case, the ALJ determined that Ms. Morgan had a severe impairment, but that her impairment was not severe enough to satisfy Listing 1.04. In making this determination, the ALJ examined Ms. Morgan's medical history from May 17, 1996, and acknowledged that she had "a longstanding history of back problems." Aplt. App. at 16. He reviewed Ms. Morgan's symptoms and treatments, including "chronic lower back pain," "chronic fatigue," and "recent back surgery." *Id.* The ALJ also specifically referenced a report from Dr. Hastings dated March 8, 1999, stating, "Subsequent X-rays taken [i]n March of 1999, revealed evidence of a disc bulge at L4-L5 which was consistent with her complaints of right-sided radiculopathy. She was also noted to have L5-S1 epidural scar around the S1 nerve root." *Id.*

Although Ms. Morgan insists this discussion is deficient because it does not specifically reference another report from Dr. Hastings, the ALJ is not required to discuss each and every piece of evidence. The ALJ's reference to Dr. Hastings' March 8 report clearly shows that he considered Dr. Hastings' opinion, just as he considered the opinion of Dr. Brad Vogel, who performed surgery on Ms. Morgan's hand and noted that she had no significant complaints. The ALJ likewise considered the opinion of Dr. Stephen Lee, who reported that although Ms. Morgan complained of being unable to sit or stand for long periods, she was nonetheless neurologically intact and able to heel-toe walk normally without an

assistive device.  Only after considering the opinions of these physicians, as well as other medical evidence, did the ALJ conclude that, "The medical evidence indicates that the claimant has impairments that are 'severe' within the meaning of the Regulations but not 'severe' enough to meet or medically equal, either singly or in combination to one of the impairments listed."  Aplt. App. at 17.  Because the administrative record demonstrates that the ALJ considered all the evidence, including Dr. Hastings' opinion, we will not disturb the ALJ's decision.

## B.  RFC Assessment

Ms. Morgan next contends that the ALJ's RFC assessment was not based on substantial evidence because he failed to account for all of her limitations and improperly discredited her testimony.

### 1.  Limitations

Ms. Morgan's contention that the ALJ's RFC assessment fails to account for all of her limitations, particularly her chronic back and heel pain, is belied by the ALJ's evaluation of her physicians' treatment notes.  For example, the ALJ specifically acknowledged that Dr. Lee indicated that Ms. Morgan suffered from "chronic back pain . . . and heel spurs."  Aplt. App. at 17.  Likewise, the ALJ recognized that Dr. Lee's most recent treatment notes indicated that "she is being treated for increased left knee pain and continued heel pain."  *Id.*  Similarly, the ALJ considered Dr. Rebecca Wackowski's opinion that Ms. Morgan suffered from

"[c]hronic low back pain, lumbar disk disease," "[e]levated diastolic blood pressure," "irritable bowel," and "recent surgery." *Id.* at 111. Additionally, the ALJ weighed the opinion of Dr. Christopher Chow, who noted that Ms. Morgan had "low back pain/leg pain," *id.* at 149, and treated her with muscle relaxants, "Lortab for pain[, and] moist heat." *Id.* at 152. Among other evidence cited by the ALJ were treatment notes from January 2003 indicating that Ms. Morgan suffered from "polyarthralgias, heel pain, gerd, muscle spasms, and neuropathy L.E." *Id.* at 188. Notwithstanding this evidence, however, the ALJ recognized that "no treating or consultative physician opined during [the claimed period of disability] that [Ms. Morgan] was unable to work at any exertional level or in any modified environment." *Id.* at 18. Still, the ALJ accounted for Ms. Morgan's testimony describing how she had trouble standing for long periods of time and was required to take frequent breaks while working at Wal-Mart and the Cherokee Casino. Then, after accounting for all of this evidence, the ALJ determined that Ms. Morgan retained the RFC to:

> lift up to 20 pounds occasionally, and up to 10 pounds frequently. She is able to sit up to one hour at a time, up to 6 hours in an 8 hour work day. Furthermore, she is able to stand or walk up to one hour at a time, up to 4 hours (each) in an 8 hour work day. The claimant is able to perform tasks where there is only an occasional requirement for stooping and where she may alternate positions on an hourly basis.

*Id.* at 18. This assessment is supported by substantial evidence. Ms. Morgan's complaint that there are no other assessments in the record, presumably against which to compare the ALJ's, ignores our standard of review, which is whether the ALJ's assessment is supported by substantial evidence, *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004). Ms. Morgan's arguments would require us to reweigh the evidence and substitute our judgment for that of the Commissioner's. That we cannot do. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

## 2. Credibility

Finally, Ms. Morgan argues that the ALJ erred in finding her "not fully credible." Aplt. App. at 18. She contends this determination skewed the RFC assessment because the ALJ improperly discredited her subjective complaints.

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (quotation omitted). "However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (alteration and quotation omitted). "So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Here, the ALJ found that Ms. Morgan's "allegation of being unable to work at any exertional level whatsoever or in any modified work environment . . . are [sic] not fully consistent with the objective medical evidence of record." Aplt. App. at 18. As an example, the ALJ noted that "no treating or consultative physician opined . . . that she was unable to work at any exertional level or in any modified environment." *Id.* Hence, the ALJ concluded that she was "not fully credible." *Id.* Although Ms. Morgan claims the ALJ failed to adequately associate this finding with any evidence in the record, the ALJ is not required to perform a formalistic evaluation of the evidence, *Qualls*, 206 F.3d at 1372. The ALJ linked his conclusion that she was not fully credible to the fact that none of her physicians believed she absolutely could not work. The fact that not one of her doctors believed she was incapable of working indicates that her complaints were inconsistent with the medical evidence. Accordingly, the ALJ was entitled to rely on this fact to conclude that she was only partially credible. *See Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996) ("in assessing [claimant's] credibility, the ALJ appropriately considered medical evidence that was inconsistent with [claimant's] claim of total disability"). Moreover, the ALJ's finding that Ms. Morgan was not fully credible was directed only at her claim of complete incapacitation. In all other respects, the ALJ accepted her subjective complaints, including those of constant pain in her lumbar and right heel areas, intermittent numbness in her left calf, and her ability to walk only one hundred feet at a time.

Given the ALJ's recitation of the evidence, we are satisfied that the correct legal standard was applied. *See Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1500 (10th Cir. 1992) (finding no error where ALJ adequately considered evidence supporting conclusion of non-disability).

## III.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge