**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JUDITH E. COOK,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 06-7113
(D.C. No. CIV-05-004-JHP-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **MURPHY** and **HOLMES**, Circuit Judges.

Judith Cook appeals from an order of the district court affirming the

Commissioner's denial of disability insurance benefits and supplemental security

income. She claims to have become disabled on July 31, 2002, due to physical

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and mental impairments.[1]  After a hearing, however, an administrative law judge (ALJ) concluded at step five of the five-step sequential evaluation process, *see* 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining the five-step process), that Ms. Cook was not disabled because she retained the residual functional capacity (RFC) to perform work that exists in significant numbers.  The Appeals Council denied review, and the district court affirmed the ALJ's decision.

Because the Appeals Council denied review, the ALJ's decision is the final agency decision.  *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).  Our review of the agency's decision is limited to determining whether it is supported by substantial evidence and whether the Commissioner applied the correct legal standards.  *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).  In conducting this review, "we neither reweigh the evidence nor substitute our judgment for that of the agency."  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Cook argues on appeal that the ALJ:  (1) failed to recognize all of her impairments as severe; (2) failed to discuss why she did not meet a Listed Impairment; (3) incorrectly assessed her RFC by failing to account for all of her limitations; and (4) improperly evaluated her credibility.

---

[1]     Without explanation, Ms. Cook asserts for the first time on appeal that she became disabled on September 28, 2002.  For purposes of this appeal, we retain the originally alleged onset date of July 31, 2002.

Ms. Cook advanced the same contentions before the district court. Adopting the report and recommendation of a magistrate judge, the district court rejected them. The magistrate judge concluded that the ALJ had considered all evidence of Ms. Cook's alleged impairments; adequately discussed why Ms. Cook did not meet the criteria of a Listed Impairment, albeit in subsequent steps of its analysis; accurately assessed Ms. Cook's RFC; and correctly noted that Ms. Cook's claims of total disability were not consistent with the substantial evidence in the record. *See* Aplt. App., Tab 7 at 351-66.

The magistrate judge thoroughly and accurately analyzed each of Ms. Cook's claims using the same standard that governs our review, and we see no reason to repeat that analysis here. Accordingly, having reviewed the parties' briefs, the relevant legal authority, and the administrative record, we affirm the district court's judgment for substantially the same reasons as those articulated in the magistrate judge's report and recommendation dated September 28, 2006, which the district court adopted in its order dated October 23, 2006.

Entered for the Court

Jerome A. Holmes
Circuit Judge

-3-