**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PHILLIP A. NOVAK,

     Plaintiff-Appellant,

  v.

MICHAEL J. ASTRUE,[*]
Commissioner of Social Security,

     Defendant-Appellee.

No. 07-1121
(D.C. No. 05-cv-2261-EWN)
(D. Colo.)

---

**ORDER AND JUDGMENT**[**]

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge and
**TYMKOVICH**, Circuit Judge.

---

     Phillip Novak appeals from an order of the district court affirming the

Commissioner's denial of disability insurance benefits and supplemental security

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for
Jo Anne B. Barnhart as appellee in this action.

[**]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

income.  We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and affirm the district court's judgment.

## I.

Mr. Novak claims disability as of November 30, 2001, from a shoulder injury, lumbrosacral spodylosis, spinal stenosis, and a possible SI (sacroiliac) joint injury.  After a hearing, an administrative law judge (ALJ) concluded at step five of the five-step sequential evaluation process, *see* 20 C.F.R. 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining the five-step process), that Mr. Novak was not disabled because he retained the residual functional capacity (RFC) to perform a significant range of work.  The Appeals Council denied review, and the district court affirmed the ALJ's decision.

Because the Appeals Council denied review, the ALJ's decision is the final agency decision.  *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).  Our review of the agency's decision is limited to determining whether it is supported by substantial evidence and whether the Commissioner applied the correct legal standards.  *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).  In making these determinations, "we neither reweigh the evidence nor substitute our judgment for that of the agency."  *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

**II.**

Mr. Novak argues on appeal that the ALJ (1) failed to adequately explain why he did not meet a listed impairment; (2) incorrectly assessed his credibility and subjective complaints of pain; and (3) improperly posed a hypothetical question to the vocational expert (VE) that did not include all of his impairments.

Mr. Novak advanced these same arguments before the district court, and the court rejected them all. Indeed, the court explained that the ALJ adequately discussed why Mr. Novak did not meet the criteria of a listed impairment, correctly assessed his credibility in light of the substantial evidence in the record, and posed a hypothetical question to the VE that accurately reflected Mr. Novak's limitations. *See* Aplt. App. at 685-724.

The district court's analysis of these claims was detailed, accurate, and complete. Moreover, the district court employed the same standard that governs our review, and we see no reason to repeat that analysis here. Accordingly, having reviewed the parties' briefs, the administrative record, and the relevant legal authority, we affirm the district court's judgment for substantially the same reasons as those articulated in its order dated February 2, 2007.

Mr. Novak's motion to proceed on appeal *in forma pauperis* is granted.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-3-