**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RONALD SANDERS,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 07-7067
(D.C. No. CIV-06-331-KEW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

Ronald Sanders appeals from a district court order affirming the

Commissioner's denial of disability insurance benefits. We have jurisdiction

under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Mr. Sanders applied for benefits after suffering a series of traumatic events, including having a car fall on him, falling off a horse, and being struck by a bull. He alleged disability since October 31, 2001, due to arthritis, bone spurs, depression, pain and stiffness, and a torn rotator cuff. After a hearing, an Administrative Law Judge (ALJ) concluded at step five of the five-step sequential evaluation process, *see* 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining the five-step process), that Mr. Sanders was not disabled because he retained the residual functional capacity (RFC) to perform a significant number of light and sedentary jobs. The Appeals Council denied review, and the district court affirmed the ALJ's decision.

Mr. Sanders now appeals, arguing that the ALJ failed to properly analyze his credibility and failed to consider all of his mental and physical limitations in assessing his ability to perform other work.

**II**

Because the Appeals Council denied review, the ALJ's decision stands as the final agency decision. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). We review this final decision only to determine whether it is supported by substantial evidence and whether the Commissioner applied the correct legal standards. *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

Mr. Sanders contends the ALJ improperly used boilerplate language to discredit his testimony of restricted daily activities. Specifically, he challenges the ALJ's statement that his "limited daily activities cannot be objectively verified with any reasonable degree of certainty." Aplt. App., Vol. 2 at 21.

Boilerplate language is insufficient to support an ALJ's credibility determination. *See Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004). Instead, "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation marks and brackets omitted). Where "the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Here, regardless of whether the ALJ used boilerplate language to express doubt on the degree to which Mr. Sanders' limitations purportedly impacted his daily activities, he nonetheless supported his ultimate credibility determination with specific evidence from the record. The ALJ began by noting Mr. Sanders' complaints of "constant pain, which increased if he was on his feet too long." Aplt. App., Vol. 2 at 19. He acknowledged Mr. Sanders' statements that he could not even lift a gallon of milk because he had torn both of his rotator cuffs and arthritis had set in. And the ALJ considered Mr. Sanders' testimony that he spent

most of his day "lying down with his feet propped up on three pillows under his legs," *id.* at 20, and could not drive because he falls asleep.

Nevertheless, the ALJ found Mr. Sanders' perceived limitations inconsistent with other evidence in the record. To support his finding, the ALJ cited an examination done by Dr. Marcelo Perez-Mentes, who reported that Mr. Sanders "was well-developed, well-nourished and did not appear to be in any distress." *Id.* at 17. Although the exam revealed "status post left knee and ankle sprain, status post left rotator cuff injury, [and] chronic left upper and lower extremity pain," Mr. Sanders' "symptoms were inconsistent with an old left upper and lower extremity sprain." *Id.* at 17-18. This incongruity between Mr. Sanders' injuries and his symptoms left the doctor "unclear as to the current etiology of [Mr. Sanders'] present complaints." *Id.* at 18.

Other evidence cited by the ALJ included "X-rays of [Mr. Sanders'] left ankle, left knee and left hip [that] were . . . unremarkable." *Id.* at 17. He also noted that an x-ray of Mr. Sanders' shoulder revealed no abnormalities after he reportedly injured himself pushing a barrel. Additionally, the ALJ accounted for Mr. Sanders' treatments, which he characterized as no more than "routine and conservative in nature." *Id.* at 21. Given this evidence, the ALJ concluded that Mr. Sanders' alleged "symptoms on activities of daily living and basic task performance [were] not consistent with the total medical and non-medical evidence in [the] file." *Id.* at 20.

We conclude that the ALJ adequately set forth the specific evidence he relied on to assess Mr. Sanders' credibility. *See Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991) (deferring to ALJ's credibility assessment where ALJ properly considered claimant's testimony in light of record evidence). Although Mr. Sanders' daily activities need not be objectively verified, the ALJ's ultimate credibility determination is supported by substantial evidence. Mr. Sanders' insistence that he was discredited by the ALJ's failure to discuss certain evidence, particularly the specific directions in which he experienced a limited range of motion in his shoulder, is unavailing because the ALJ's decision makes clear that all the evidence was considered, even if not discussed. *See Clifton v. Chater*, 79 F.3d 1007, 1009-1010 (10th Cir. 1996).

To the extent Mr. Sanders contends that the ALJ undermined his credibility by discounting his subjective complaints of pain, we find the argument without merit. The ALJ specifically referenced his allegations of "constant pain," Aplt. App., Vol. 2 at 19, but recognized that "[t]he physical findings and supporting clinical data do not closely corroborate or correlate with [his] subjective complaints," *id.* at 20. To make this conclusion, the ALJ considered Mr. Sanders' treatments, including his use of crutches, a cane, a knee brace, and a knee immobilizer, reviewed the effectiveness of his physical therapy, analyzed his testimony concerning the severity of his pain, and determined that his "description of the severity of the pain has been so extreme as to appear

-5-

implausible," *id.* at 21. The ALJ's evaluation appropriately considered the relevant factors necessary to assess Mr. Sanders' credibility, but the evidence was simply insufficient to support his allegations. *See Luna v. Bowen*, 834 F.2d 161, 165-66 (10th Cir. 1987) (describing factors decision makers should consider when assessing the credibility of subjective complaints of pain). Moreover, none of Mr. Sanders' doctors indicated that he suffered from disabling pain. *See Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990) ("The medical records must be consistent with the nonmedical testimony as to the severity of the pain."). Hence, the ALJ's credibility assessment is supported by substantial evidence.

As for Mr. Sanders' contention that the ALJ incorrectly assessed his RFC, we see no indication that any of his limitations were excluded from consideration. The ALJ acknowledged Mr. Sanders' allegations of depression and difficulty concentrating but recognized that he had "no history of ongoing treatment or inpatient hospitalizations and [wa]s not taking any psychotropic medications." Aplt. App., Vol. 2 at 16-17. Consequently, the ALJ properly formulated an RFC that does not reflect a medically determinable mental impairment. *Cf. Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048-49 (10th Cir. 1993) (requiring ALJ to account for mental impairment when evidence indicated an impairment that could prevent claimant from working). With regard to Mr. Sanders' physical limitations, the ALJ correctly considered those attributed to Mr. Sanders' left hand and arm and explicitly restricted him from performing

more than occasional overhead reaching with that arm. He also found jobs suitable for Mr. Sanders in light of that restriction. Thus, the contention that the ALJ found Mr. Sanders capable of performing other work by failing to account for his limitation is unavailing.

The judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge