**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRUCE NILES MOORE,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 07-4124
(D.C. No. 04-CV-221-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

      Bruce Niles Moore, appearing pro se, appeals the district court's affirmance

of the Commissioner's denial of his claim for supplemental security income. We

have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Mr. Moore claimed disability as of November 1, 2001, from arthritis of the knees, back, and hands. Following a hearing, an administrative law judge (ALJ) issued a decision on July 11, 2003, in which he concluded at step five of the sequential-evaluation process, *see* 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining the five-step process), that Mr. Moore was not disabled because he retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy. The Appeals Council considered new medical evidence submitted by Mr. Moore, but nonetheless affirmed the ALJ's decision.

**II**

We construe Mr. Moore's pro se brief "liberally and [hold it] to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). With the exceptions discussed below, it appears to repeat the arguments that he made in the district court. Namely, he claims that the ALJ (1) erred in finding that he retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy; (2) incorrectly assessed his credibility and subjective complaints of pain; and (3) failed to adequately develop the record. We review the Commissioner's decision to determine whether it is supported by substantial

evidence and the correct legal standards were applied. *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

In his well-reasoned report and recommendation, the magistrate judge analyzed each of these claims using the same standard that governs our review. R. Vol. I, Doc. 29 at 11-12. Having reviewed the record and applicable law, there is no reason to repeat the analysis and we affirm for substantially the same reasons set forth in the magistrate judge's February 22, 2007, report and recommendation, which was adopted in its entirety by the district court in its May 4, 2007, order.

## III

Mr. Moore next argues that several alleged errors and procedural irregularities in the district court entitle him to an award of benefits. These arguments lack merit.

First, Mr. Moore asserts that the district court erred by failing to consider the evidence of a new disability – reflex sympathetic dystrophy – that he raised in his objection to the magistrate judge's report and recommendation. This argument apparently refers to a February 22, 2007, letter from Laura Therrien Duncan, M.D., which provides "a questionable diagnosis of reflex sympathetic dystrophy." R. Vol. I, Doc. 30, Ex. 3. We construe his argument to be that, in light of this new evidence, the court was required to remand the matter to the Commissioner under 42 U.S.C. § 405(g) for a new disability determination.

However, "[i]n order to find a remand appropriate, we normally must determine that the new evidence would have changed the [Commissioner's] decision had it been before him. Implicit in this requirement is that the proffered evidence relate to the time period for which the benefits were denied." *Hargis v. Sullivan*, 945 F.2d 1482, 1493 (10th Cir. 1991) (citation omitted). Because the alleged new disability was not even diagnosed until several years after the hearing and the Appeals Council's review, a remand was not appropriate because it could not have changed the outcome.

Next, Mr. Moore informs us that some pleadings and orders were allegedly misaddressed and he was delayed in receiving them. Although the record is unclear whether Mr. Moore himself was responsible for these mistakes, he points to no prejudice.

The last argument advanced by Mr. Moore concerns the district court's denial of his motion for default judgment. The sole ground for this argument is his mistaken belief that the Commissioner's answer was untimely. "Decisions to enter judgment by default are committed to the district court's sound discretion, and our review is for an abuse of discretion." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quotation omitted). The record establishes that the Commissioner answered the complaint within the sixty days prescribed by Rule 12(a)(3) of the Federal Rules of Civil Procedure. Therefore, the court properly denied the motion for default.

## IV

During the pendency of this appeal, Mr. Moore filed a "Request for Summary Disposition Pursuant to a Change of Facts Which [A]ffect my Legal Status."  Attached as an exhibit to the motion is a February 25, 2008, decision from an ALJ finding him disabled as of October 1, 2005, along with medical evidence from 2005 through 2007.  As we understand the motion, Mr. Moore claims that the February 2008, decision entitles him to an award of disability benefits dating back to January 1991, when he allegedly suffered his initial disabling injury.  Whether we construe the motion as a request for a remand or a petition to reopen, the motion is without merit.

A remand for a new disability determination under 42 U.S.C. § 405(g) is inappropriate because the new evidence is not related to the time period for which benefits were denied.  *Hargis*, 945 F.2d at 1493.  Moreover, any motion to reopen should have been filed "within two years of the date of the notice of the initial determination."  20 C.F.R. § 416.1488.  The February 25, 2008, decision states that Mr. Moore was represented by an attorney at the hearing, at which "the claimant amended the alleged onset date to October 1, 2005."  Req. for Summ. Disposition, Attach. 1, at 3.  The ALJ further found that Mr. Moore had "filed numerous prior Title XIV applications dating back to 1991, but none within the

two-year reopening period for good cause.  The amended alleged onset date [in this case] also moots considering reopening." *Id*.

The Request for Summary Disposition is **DENIED**.  The judgment of the district court is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge
