**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEANNETTE A. TANNAHILL,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant-Appellee.

No. 09-3101
(D.C. No. 6:08-CV-01093-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT**\*

---

Before **KELLY**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

In this social security appeal, Jeannette A. Tannahill claims the

Commissioner denied her benefits based on insubstantial evidence and an

improper evaluation of her subjective complaints of pain. Specifically,

Ms. Tannahill contends the Administrative Law Judge (ALJ) ignored evidence at

step three of the five-step evaluation process, *see Williams v. Bowen*, 844 F.2d

---

\* After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

748, 750-52 (10th Cir. 1988) (explaining the five-step process), which indicated that her spinal impairment met or equaled Listing 1.04(A), *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04(A). She also contends the ALJ wrongly minimized her spinal condition as "only mild degenerative disc disease" to discredit her subjective complaints of pain. *See* Aplt. Br. at 11 (quotation omitted).

The district court rejected both arguments. Initially, the court confirmed that nothing in the record indicated that Ms. Tannahill suffered nerve root compromise or compression so as to satisfy Listing 1.04(A). The court also concluded that the ALJ properly assessed Ms. Tannahill's subjective complaints of pain by evaluating the credibility factors set forth in *Luna v. Bowen*, 834 F.2d 161, 165-66 (10th Cir. 1987). Additionally, responding to a single sentence in Ms. Tannahill's brief, *see* Admin. R. at 391, the district court determined that the ALJ properly weighed the opinions of Ms. Tannahill's physicians.[1]

Our review of the administrative record, the parties' appellate materials, and the relevant legal authority compels us to agree with the decision reached by the learned district court. The court accurately and thoroughly examined the

---

[1] To the extent Ms. Tannahill challenges the weight accorded to her physicians' opinions as a separate issue on appeal, we decline to consider it. Not only did Ms. Tannahill fail to adequately raise this issue in the district court, but she now references it only obliquely in the context of her step-three argument. *See United States v. Jarvis*, 499 F.3d 1196, 1201 (10th Cir. 2007) ("a litigant's failure to raise an argument before the district court generally results in forfeiture on appeal"); *Murrell v. Shalala*, 43 F.3d 1388, 1389-90 n.2 (10th Cir. 1994) (refusing to address "perfunctory complaints" raised in the context of another argument but omitted from the formal statement of the issues).

Commissioner's decision under the same standard that governs our review, and

we see no reason to repeat that analysis here. *See Madrid v. Barnhart*, 447 F.3d

788, 790 (10th Cir. 2006) (reciting standard of review). Accordingly, for

substantially the same reasons as those articulated by the district court in its order

dated March 30, 2009, we AFFIRM.

                                        Entered for the Court


                                        Bobby R. Baldock
                                        Circuit Judge