**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BETTY L. GREEN,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 10-6188
(D.C. No. 5:09-CV-01013-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Betty L. Green appeals pro se from a district court order affirming the

Commissioner's denial of her application for Social Security Disability Insurance

(SSDI) benefits. Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

§ 405(g), we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Green filed an application for SSDI benefits on July 28, 1999, claiming a disability-onset date of July 11, 1990. A short time later she also filed an application for Supplemental Security Income (SSI) payments, which was given a protective filing date of July 28, 1999. When the record indicated that her date last insured for purposes of her SSDI application was September 30, 1983, Ms. Green moved to dismiss that application. On March 11, 2002, an Administrative Law Judge (ALJ) issued a favorable decision on her SSI application, finding that she was disabled as of July 28, 1999, as a result of musculoskeletal disorders of the neck and upper extremities. Ms. Green subsequently provided the agency with additional information regarding her previous earnings, based on which her date last insured was adjusted to March 31, 1991. She filed a new application for SSDI benefits on February 7, 2003. After her new application was denied initially and on reconsideration, Ms. Green requested a hearing before an ALJ, who issued an unfavorable ruling. Ms. Green appealed and the Appeals Council remanded to the ALJ for further consideration. Following a second hearing, the ALJ issued a decision finding that Ms. Green was not under a disability on or before March 31, 1991, her date last insured. The Appeals Council declined review, making the ALJ's decision denying SSDI benefits the Commissioner's final decision.

Ms. Green filed an action in the district court, seeking review of the Commissioner's decision. The Commissioner initially moved to dismiss her

complaint for failure to effect proper service. But after being granted an extension of time, Ms. Green effected service on the Commissioner and the district court denied the motion to dismiss. A magistrate judge[1] then ordered Ms. Green to file her opening brief by April 5, 2010. She filed a pleading titled Motion for Declaratory Judgment and Injunctive Relief on March 18, 2010. When she had not filed an opening brief by the April 5 deadline, the magistrate judge held a telephone conference with the parties on April 29 and explained to Ms. Green that she could ask for additional time to file her brief. She declined to seek additional time and indicated instead that she wanted the court to consider her Motion for Declaratory Judgment and Injunctive Relief to be her opening brief.

After deeming that motion as Ms. Green's opening brief, the magistrate judge issued a report and recommendation (R&R) to affirm the Commissioner's denial of SSDI benefits. Noting that Ms. Green failed to raise or develop any claim of error in the ALJ's decision, the magistrate judge expressly addressed and rejected the only contention she made in her opening brief.[2] Ms. Green filed

_____

[1]    The district court had referred Ms. Green's case to a magistrate judge for decisions on preliminary and non-dispositive matters.

[2]    The magistrate judge construed Ms. Green's Motion for Declaratory Judgment and Injunctive Relief as arguing that, by filing a motion to dismiss her complaint, the Commissioner had impliedly admitted the allegations in her complaint. The magistrate judge explained in the R&R that the Commissioner's motion addressed whether he had been properly served and did not concede any

(continued...)

objections to the magistrate judge's report and recommendation.[3]  The district

court reviewed the ALJ's decision de novo; overruled Ms. Green's objections and

adopted the R&R in its entirety; and affirmed the Commissioner's decision.  The

court entered a separate judgment in favor of the Commissioner on May 28, 2010.

Ms. Green filed timely motions seeking reversal of the court's judgment.  She

also filed a notice of appeal, which this court held to be premature.  We abated

the appeal pending the district court's determination of her post-judgment

motions, which the district court denied on August 23, 2010.  Ms. Green then

filed another notice of appeal referencing only the district court's May 28, 2010

judgment.

"[W]e review the ALJ's decision only to determine whether the correct

legal standards were applied and whether the factual findings are supported by

substantial evidence in the record."  *Madrid v. Barnhart*, 447 F.3d 788, 790

(10th Cir. 2006).  "Substantial evidence is such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion."  *Cowan v. Astrue*,

552 F.3d 1182, 1185 (10th Cir. 2008) (quotation omitted).  We liberally construe

a pro se party's appellate briefs.  *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4

---

[2](...continued)
of Ms. Green's allegations.

[3]    In her objections, Ms. Green reiterated the argument she made in her
opening brief.  She also asserted that she was unprepared for the April 29
telephonic conference and she objected to affirmance of the ALJ's decision
without consideration of the Commissioner's brief and her reply brief.

(10th Cir. 2007).  But we do not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

"The scope of our review [in this case] is limited to the issues [Ms. Green] properly preserve[d] in the district court and adequately presents on appeal." *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996).  In her opening appeal brief, she first asserts that the magistrate judge's orders and reports and recommendations, as adopted by the district court, deprived her of due process. She appears to focus on the reports and recommendations related to the Commissioner's motion to dismiss the complaint, but she does not otherwise elaborate on this contention.  We will liberally construe her argument as repeating the only claim of error that she made in her opening brief in the district court: that the Commissioner conceded the allegations in her complaint by filing his motion to dismiss for failure to effect service.  This argument is frivolous.  While a court must accept as true the allegations of a complaint when deciding a motion to dismiss for lack of jurisdiction, *see Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992), a defendant does not, by challenging the sufficiency of process, forfeit his ability to contest those allegations on the merits.

In her second appeal issue, Ms. Green alleges a conspiracy between the district court, the Commissioner, and other federal agencies to deprive her of both SSDI benefits and workers' compensation payments, in violation of her due

-5-

process and equal protection rights. We need not attempt to decipher the meaning of this claim because Ms. Green did not preserve it for consideration on appeal by raising it in the district court. *See Berna*, 101 F.3d at 632-33.

As the magistrate judge noted in the R&R, Ms. Green did not raise any claim of error in the ALJ's decision in her district-court opening brief. "Absent compelling reasons, we do not consider arguments that were not presented to the district court." *Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994). Moreover, in this appeal she again fails to make any discernable argument of error regarding the ALJ's decision. We will not "assume the role of advocate" for Ms. Green and construct appeal arguments for her. *Garrett*, 425 F.3d at 840. Thus, Ms. Green has waived all arguments of error in the ALJ's decision by her failure to preserve any such contention in the district court or present any such claim in this court. *See Berna*, 101 F.3d at 632-33.

The judgment of the district court is AFFIRMED. Ms. Green's motion to proceed in forma pauperis on appeal is GRANTED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-6-